IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

OREGON FREEZE DRY, INC., an Oregon
corporation,

     Plaintiff,

  v.

AMERICOLD LOGISTICS, LLC, a Delaware
limited liability company,

     Defendant.

CV-05-1119-ST

OPINION AND ORDER

STEWART, Magistrate Judge:

  Plaintiff, Oregon Freeze Dry, Inc. ("OFD"), initially filed a Complaint on July 28, 2005, alleging claims for negligence and breach of contract against defendant, AmeriCold Logistics, LLC ("AmeriCold"), seeking damages arising out of the storage of frozen bananas at AmeriCold's cold storage facility. OFD then filed a First Amended Complaint on August 2, 2006, adding a claim for gross negligence. Now OFD has filed a Motion to File Second

1 - OPINION AND ORDER

Amended Complaint (docket # 87) to allow amendments requesting prejudgment interest at the rate of 9% per annum on each claim.

Amendment of a complaint is governed by FRCP 15, which provides that, after a responsive pleading has been filed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Federal policy strongly favors determination of cases on their merits. *Howey v. United States*, 481 F2d 1187, 1190 (9th Cir 1973). Therefore, the role of pleadings is limited and leave to amend should be freely given. *Foman v. Davis*, 371 US 178, 182 (1962). In general, whether to grant or deny a motion to amend the pleadings is a matter of the court's discretion. *Sweeney v. Ada County,* 119 F3d 1385, 1392 (9th Cir 1997). However, "[l]iberality in granting a plaintiff leave to amend is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile." *Bowles v. Reade*, 198 F3d 752, 757 (9th Cir 1999).

AmeriCold objects to the proposed amendment due to undue delay, significant prejudice and this court's prior ruling limiting OFD's damages on the negligence and breach of contract claims. This proposed amendment does come long after OFD know or should have known that it may be entitled to prejudgment interest under ORS 82.010(1)(a). Discovery is completed and the pretrial order is due January 25, 2008.

However, this court fails to see how this amendment will prejudice AmeriCold. The right to recover interest does not rest on a factual issue and is determined by the court after trial. *See Cascade Corp.* v. *American Home Assur. Co.,* 206 Or App 1, 15-16, 135 P3d 450 (2006) (trial court properly determined prejudgment interest in post-judgment proceedings after jury

verdict); *Goddard* v. *Farmers Ins. Co. of Oregon,* 203 Or App 744, 126 P3d 682 (2006). The amendment increases the amount of damages sought, but will not require additional discovery or pretrial motions. Furthermore, in a separate proceeding, consolidated for purposes of discovery with this case, *Oregon Freeze Dry, Inc.* v. *Continental Casualty Company, et aI,* Case No. CV 06-1635-ST, the defendants, upon conferral with OFD's counsel, agreed not to oppose a similar motion.

In ruling on a motion for partial summary judgment, this court did limit OFD's damages for the bananas on the negligence and breach of contract claims to $.50 per pound in accordance with the limitation of liability language on the warehouse receipt. However, it is debatable whether prejudgment interest falls within this limitation. The limitation of liability clause applies to "all claims," but prejudgment interest is a statutory remedy to compensate for the delay incurred in recovering damages. AmeriCold may raise the propriety of awarding prejudgment interest after trial in the event that OFD prevails.

## **ORDER**

For the reasons stated above, Plaintiff's Motion to File Second Amended Complaint (docket #87) is GRANTED. Plaintiff shall file its proposed Second Amended Complaint by November 15, 2007.

DATED this 7th of November, 2007.

/s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge